**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Harry A. Olivar, Jr. (SBN 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
harryolivar@quinnemanuel.com

*Counsel for Defendants*

[Additional counsel listed on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE C3.AI, INC. DERIVATIVE LITIGATION | Lead Case No. 3:25-cv-07334-TLT |
| | (Consolidated) |
| This Document Relates to: | **STIPULATION AND [PROPOSED] ORDER TO STAY ACTION** |
| ALL ACTIONS | |

Plaintiffs Dennis Jaffee, Joshua Steffens, and Joseph Fernicola ("Plaintiffs") and Defendants Thomas M. Siebel, Hitesh Lath, KR Sridhar, Richard C. Levin, Michael G. McCaffery, Bruce Sewell, Lisa A. Davis, Stephen M. Ward, Jr., Alan Murray, John Hyten, Kenneth A. Goldman, Condoleezza Rice, and Jim H. Snabe ("Individual Defendants"), and nominal Defendant C3.ai, Inc. ("C3.ai" and together with the Individual Defendants, "Defendants"[1]), by and through their undersigned counsel, hereby stipulate and agree as follows and jointly request that the Court enter the below Order approving this stipulation:

WHEREAS, on August 29, 2025, Plaintiff Dennis Jaffee filed a shareholder derivative action on behalf of C3.ai against the Individual Defendants, captioned *Jaffee v. Siebel et al.*, Case No. 3:25-cv-07334-TLT (N.D. Cal.) (the "*Jaffee* Action");

WHEREAS, on September 9, 2025, Plaintiff Joshua Steffens filed a shareholder derivative action on behalf of C3.ai against the Individual Defendants, captioned *Steffens v. Siebel, et al.*, Case No. 3:25-cv-07669-TLT (N.D. Cal.) (the "*Steffens* Action");

WHEREAS, on September 11, 2025, Plaintiff Joseph Fernicola filed a shareholder derivative action on behalf of C3.ai against the Individual Defendants, captioned *Fernicola v. Siebel, et al.*, Case No. 3:25-cv-07750-TLT (N.D. Cal.) (the "*Fernicola* Action," and together with the *Jaffee* Action and *Steffens* Action, the "Related Derivative Actions");

WHEREAS, on September 22, 2025, Plaintiffs filed an Administrative Motion requesting that the Court relate the Related Derivative Actions to each other and to the related putative securities class action captioned *Liggett v. C3.ai, Inc., et al.*, Case No. 3:25-cv-07129-TLT (N.D. Cal.) (the "Securities Action") (Securities Action, ECF No. 8);

WHEREAS, on September 25, 2025, the Court ordered that the Related Derivative Actions were related to each other and to the Securities Action and reassigned the Related Derivative Actions to the Honorable Trina L. Thompson (*id.*, ECF No. 15);

WHEREAS, on October 1, 2025, the Parties submitted a stipulation to consolidate the Related Derivative Actions, appoint co-Lead Counsel for Plaintiffs, and extend Defendants' time to respond to the Complaints (*Jaffee* Action, ECF No. 19);

[1] Plaintiffs and Defendants together are referred to as the "Parties."

WHEREAS, on October 3, 2025, the Court granted, in part, the October 1, 2025 stipulation, consolidating the Related Derivative Actions into the action captioned *In re C3.ai, Inc. Derivative Litigation*, Case No. 3:25-cv-07334-TLT (N.D. Cal.) (the "Consolidated Derivative Action") and appointed Co-Lead Counsel for Plaintiffs (Consolidated Derivative Action, ECF No. 20);

WHEREAS, there is an apparent overlap between the facts and circumstances alleged in the Consolidated Derivative Action and the Securities Action, including the potential relevance of many of the same documents and witnesses;

WHEREAS, Defendants Siebel and Lath and nominal defendant C3.ai are also named as defendants in the Securities Action;

WHEREAS, in order to promote economy of time and effort for the Court, for counsel, and for litigants, the Parties have agreed that, in light of the overlap between the Consolidated Derivative Action and the Securities Action, and in light of the stay of discovery that will apply pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") following the filing of a motion to dismiss in the Securities Action, this action should be voluntarily stayed on the terms set forth below pending resolution of the Securities Action;

IT IS ACCORDINGLY STIPULATED AND AGREED, by and between the undersigned counsel for Parties, subject to Court approval, that:

1. Upon the Court's endorsement of this Stipulation as an Order of the Court, the Consolidated Derivative Action shall be stayed in its entirety (including all deadlines, hearings, and conferences) and shall remain stayed pending resolution of the Securities Action. Notwithstanding the foregoing, the Parties hereto may agree to lift the stay, in whole or in part, in a written stipulation filed with the Court, and, for good cause and (except in exigent circumstances) on thirty (30) days' prior written notice to all other parties, any Party may move the Court to lift the stay, subject to the other Parties' right to oppose such motion or to seek to extend the stay. If the stay is not lifted earlier, then the stay will expire when the Securities Action is finally resolved or otherwise concluded via a settlement or judgment at the U.S. District Court level. The Parties shall inform the Court within thirty (30) days following resolution of the Securities Action.

2. Within thirty (30) days of the termination of this stay, counsel for the Parties shall meet and

confer concerning a schedule for further proceedings.

3. Defendants shall not be required to move, or otherwise respond, to the complaints in the Related Derivative Actions during the pendency of the stay.

4. Notwithstanding the agreed-upon stay of this action, Plaintiffs may file an amended complaint during the pendency of the stay, but Defendants shall have no obligation to move, answer, plead, or otherwise respond to the complaint or any amended complaint during the pendency of the stay.

5. Defendants shall promptly notify Plaintiffs upon becoming aware of any derivative actions, demands made pursuant to 8 Del. C. § 220 (“Section 220”), or litigation demands related to the facts and circumstances alleged in the Consolidated Derivative Action and the Securities Action.

6. Defendants shall promptly notify Plaintiffs upon the scheduling of any mediation or formal settlement discussions in the Securities Action and shall make a good faith effort to include Plaintiffs in any such mediation or formal settlement discussions. In the event that Defendants’ good faith efforts do not result in including Plaintiffs in any mediation or formal settlement discussions in the Securities Action, Defendants agree to mediate or engage in formal settlement discussions with Plaintiffs at or about the same time. Plaintiffs’ ability to attend and participate in any mediation or formal settlement meeting is contingent upon their agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement meeting.

7. Defendants shall promptly notify Plaintiffs upon the scheduling of any mediation or formal settlement discussions in any related derivative action and shall include Plaintiffs in any such mediation or formal settlement discussions, subject to Plaintiffs’ agreement to be bound by any confidentiality agreement or stipulation governing such mediation or formal settlement meeting.

8. If Defendants produce in the Securities Action, or in any related derivative litigation, or pursuant to any stockholder Section 220 demand, any documents that relate to the subject matter of the Consolidated Derivative Action, Defendants shall provide copies of such documents to Counsel for Plaintiffs within thirty (30) business days of such production, subject to the execution of a reasonable confidentiality agreement governing the use and disclosure of these materials. Plaintiffs hereby agree that copies of any documents provided to them pursuant to this paragraph shall be deemed incorporated by reference into any future amended or consolidated complaint, provided that copies of such documents are

in Plaintiffs' possession prior to the filing of such amended or consolidated complaint.

9. The Parties agree that if a plaintiff in any related derivative action refuses to agree to a stay under similar terms, Plaintiffs may lift this stay upon ten (10) business days' notice in writing to counsel for Defendants via email.

10. The Initial Case Management Conference scheduled for November 20, 2025 is vacated, along with all associated deadlines under the Federal Rules of Civil Procedure and the Local Civil Rules for the United States District Court for the Northern District of California, until a date that is convenient for the Court after the stay is lifted.

11. This stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in this action.

IT IS SO STIPULATED

DATED: November 5, 2025

Respectfully submitted,

**QUINN EMANUEL URQUHART & SULLIVAN, LLP**

*/s/ Harry A. Olivar, Jr.*
Harry A. Olivar, Jr. (SBN 143089)
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
harryolivar@quinnemanuel.com

Michael B. Carlinsky (*pro hac vice* forthcoming)
Jesse Bernstein (*pro hac vice* forthcoming)
Leigha Empson (*pro hac vice* forthcoming)
295 Fifth Avenue
New York, NY 10016
Telephone: (212) 849-7034
michaelcarlinsky@quinnemanuel.com
jessebernstein@quinnemanuel.com
leighaempson@quinnemanuel.com

*Counsel for Defendants*

**THE BROWN LAW FIRM, P.C.**

*/s/ Robert C. Moest*
Robert C. Moest, Of Counsel (SBN 62166)

2530 Wilshire Boulevard, Second Floor
Santa Monica, CA 90403
Telephone: (310) 915-6628
Facsimile: (310) 915-9897
RMoest@aol.com

Timothy Brown
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

**RIGRODSKY LAW, P.A.**

*/s/ Gina M. Serra*
Gina M. Serra (SBN 361172)
1091 N. Palm Canyon Drive, Suite 9
Palm Springs, CA 92262
Telephone: (760) 406-8009
Facsimile: (302) 654-7530
gms@rl-legal.com

Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (302) 654-7530
vl@rl-legal.com
lw@rl-legal.com

*Co-Lead Counsel for Plaintiffs*

**GRABAR LAW OFFICE**
Joshua H. Grabar
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: 267-507-6085
jgrabar@grabarlaw.com

*Of Counsel for Plaintiff Steffens*

**EMERY | REDDY, PLLC**

/s/ Gregory Haroutunian
M. Anderson Berry (SBN 262879)
*anderson@emeryreddy.com*
Gregory Haroutunian (SBN 330263)
*gregory@emeryreddy.com*
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (916) 995-5968
Fax: (206) 441-9711

*Local Counsel for Plaintiff Fernicola*

**GAINEY McKENNA & EGLESTON**
Thomas J. McKenna
Gregory M. Egleston
260 Madison Avenue, 22nd Floor
New York, NY 10016
Telephone: (212) 983-1300
Fax: (212) 983-0383
tjmckenna@gme-law.com
gegleston@gme-law.com

*Counsel for Plaintiff Fernicola*

**<u>Attestation Pursuant to Civil Local Rule 5-1(h)(3)</u>**

Pursuant to Local Rule 5-1(h)(3), I hereby attest that all other signatories listed, and on whose behalf this filing is jointly submitted, concur in this filing's content and have authorized me to file this document.

Dated: November 5, 2025

*<u>/s/ Harry A. Olivar, Jr.</u>*
Harry A. Olivar, Jr.

**[PROPOSED] ORDER GRANTING STIPULATION**

THE ABOVE STIPULATION STAYING THIS ACTION IS HEREBY SO-ORDERED.

Dated: _____________, 2025

______________________________
HON. TRINA L. THOMPSON
United States District Judge